UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael CARROLL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Cheri L. HUBKA SPARHAWK, et al., <br><br> Defendants. | Case No.: 17-cv-2020-CAB-AGS <br><br> **REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF No. 23)** |

Michael Carroll, plaintiff and guardian *ad litem* for minor plaintiffs E.C. and K.C., seeks an order approving a proposed settlement of the minors' claims against all defendants. Because the settlement serves the minors' best interests, the Court recommends that the motion be granted.

## BACKGROUND

This suit arises from allegations that defendants, the owners of a residential apartment, discriminated against plaintiffs under the Fair Housing Act and related state law. Plaintiffs represent that neither minor was physically harmed. (ECF No. 23-1, at 2.)

Plaintiffs and defendants reached a settlement on their own. The settlement agreement was provided to the Court, along with the total settlement amount, the amounts paid to the non-minor plaintiffs, and the amount paid to plaintiffs' attorney. The total settlement amount is $25,000, and each minor will receive $4,295. (*Id.* at 2-4.) Carroll will

hold the minors' funds in trust and deposit such funds in an insured 529 Plan investment account. (*Id.* at 3.) The funds will remain in the 529 Plan account until each minor reaches the age of majority. (*Id.*)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel–whose interests the district court has no special duty to safeguard." *Id.*

Having reviewed the complaint and been privy to the parties' briefing and discussions at the Early Neutral Evaluation, the Court is intimately familiar with this case's facts and legal issues. With that experience in mind, the Court recognizes that litigation is always uncertain and concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

Moreover, the minors' recovery in this case is reasonable in light of those approved in similar cases. *See, e.g., Milton v. Regency Park Apartments*, No. 2:13-cv-01284-KJM-CKD, 2015 WL 546045, at *3 (E.D. Cal. Feb. 9, 2015) (approving a housing discrimination settlement in which each minor received $10,000 and collecting similar cases with minors all receiving less than $5,000 per minor); *Guerra v. Madera Mgmt. Co.*, No. 1:11-CV-01488-LJO, 2012 WL 4833804, at *1 (E.D. Cal. Oct. 10, 2012) (approving a housing discrimination settlement in which each minor received $2,500); *Bor v. PPC WSSC LLC*, No. 11-cv-03430-LHK, 2012 WL 1438779, at *1-2 (N.D. Cal. Apr. 25, 2012) (approving a housing discrimination settlement for three minors for $10,000 in aggregate).

Accordingly, the Court recommends:

1. The motion to approve the settlement be granted.
2. The compromise and settlement of the claims of the minors E.C. and K.C. be approved as fair and reasonable and in the best interests of the minor plaintiffs.

Any objections to this report and recommendation are due by February 14, 2019. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: January 31, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge